UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERONIMO ESONO NDONG ANGUE,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX FACILITY,

Respondent.

No. 1:26-cv-08919-DAD-SCR (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, DENYING PETITIONER'S REMAINING MOTIONS AS MOOT, AND DENYING RESPONDENT'S MOTION TO DISMISS

(Doc. Nos. 2, 3, 4, 5, 9)

On October 29, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 5.) On November 3, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 8.) Respondent was further directed to state any opposition to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of respondent's position in this regard. (*Id.*)

On November 4, 2026, respondent filed a motion to dismiss. (Doc. No. 9.) Therein, respondent argues that the petition should be dismissed because petitioner failed to exhaust his administrative remedies, or, alternatively, that petitioner is lawfully detained pursuant to U.S.C. § 1226(a). (*Id.* at 4–8.) Respondent does not oppose this court ruling on the merits of the petition based on the present briefing. (*Id.*)

Respondent's evidence reveals that, when petitioner was arrested on August 19, 2026, he requested a custody re-determination hearing before an immigration judge after the officer who conducted his initial custody determination decided that petitioner would remain in ICE custody pending the resolution of his removal proceedings. (*Id.* at 25.) Respondent's evidence also reveals that petitioner did not receive a custody redetermination hearing before an immigration judge until October 20, 2026. (*Id.* at 29.)

As to respondent's exhaustion requirement, petitioner challenges his detention on due process grounds. (Doc. No. 1 at 11.) The court incorporates its reasoning set forth in *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026) (quoting *Hernandez v. Mullin*, No. 5:26-cv-00585-JAK-ADS, 2026 WL 846037, at *7–8 (C.D. Cal. Mar. 24, 2026)) and concludes that waiver of exhaustion is appropriate where, as here, petitioners raise due process challenges to the procedures employed by immigration authorities.

As to the merits of petitioner's claims, the court incorporates its reasoning set forth in *Escamilla-Santiago v. Andrews*, No. 1:26-cv-07443-DAD-CSK (HC), 2026 WL 3206205, at *1–3 (E.D. Cal. Oct. 26, 2026), where the court concluded that the government's failure to promptly provide the petitioner with a custody re-determination hearing where he requested one violated due process. Here, as noted above, petitioner requested a custody re-determination hearing and nonetheless did not receive one for over two months after his request. (Doc. No. 9 at 25, 29.) Accordingly, pursuant to the reasoning set forth in *Escamilla-Santiago*, the court concludes that petitioner's detention violates due process and will order his immediate release. *See also Brito v. U.S. Immigr. & Customs Enf't*, No. 1:26-cv-07869-DC-CSK, 2026 WL 3120979, at *2–4 (E.D.

/////

Cal. Oct. 19, 2026) (reaching the same conclusion for a petitioner who received a custody redetermination hearing approximately six weeks after requesting one).

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Geronimo Esono Ndong Angue, A-File No. 240-459-579, from respondent's custody;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's motions to appoint counsel (Doc. No. 3), for expedited return and record production (Doc. No. 4), and for temporary restraining order (Doc. No. 5) are DENIED as having been rendered moot by this order granting him habeas relief;
4. Respondent's motion to dismiss (Doc. No. 9) is DENIED;
5. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Facility; and
6. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 5, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE